593 F.2d 1170
 193 U.S.App.D.C. 16, 4 Media L. Rep. 1623
 SYRACUSE COALITION FOR the FREE FLOW OF INFORMATION IN the
BROADCAST MEDIA, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Newhouse Broadcasting Corporation, Intervenor.
 No. 75-1308.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Sept. 28, 1976.
Decided Oct. 20, 1978.
 
 Earle K. Moore, New York City, with whom Ellen S. Agress, New York City, was on the brief, for appellant.
 Sheldon M. Guttmann, Counsel, F. C. C., Washington, D. C., for appellee. Ashton R. Hardy, Gen. Counsel, F. C. C., Daniel M. Armstrong, Associate Gen. Counsel and Stephen A. Sharp, Counsel, F. C. C., Washington, D. C., were on the brief, for appellee. Jack D. Smith, Jr. Counsel, F. C. C., Washington, D. C., also entered an appearance for appellee.
 Daniel M. Redmond, Washington, D. C., with whom William P. Sims, Washington, D. C., and Suzanne Meyer, Washington, D. C., were on the brief, for intervenor.
 Before McGOWAN, LEVENTHAL, and ROBB, Circuit Judges.
 Opinion PER CURIAM
 PER CURIAM.
 
 
 1
 This case involves direct review of a Federal Communications Commission order adopted February 12, 1975, Newhouse Broadcasting Corp., 51 F.C.C.2d 336 (1975), by which the Commission, without conducting a hearing on Syracuse Coalition's petition to deny, renewed Newhouse Broadcasting Corporation's license to operate WSYR-TV in Syracuse, New York. Two sets of objections are raised. First, appellant claims that the Commission erred in disposing of its complaint about minority employment practices at the television station. Second, appellant objects to Newhouse's continued ownership of a television broadcast station in a city in which Newhouse owns AM and FM radio stations, cable facilities, and the only two major newspapers.
 
 
 2
 On May 11, 1977, while this appeal was under submission after oral argument, this court deferred further consideration pending the Supreme Court's decision in FCC v. National Citizens Committee for Broadcasting, 436 U.S. 775, 98 S.Ct. 2096, 56 L.Ed.2d 697 (1978). In that case, the Supreme Court upheld the FCC's rules governing cross-ownership of newspapers and broadcast stations. Following the NCCB decision, this court, by an order entered on June 26, 1978, requested the Commission either to move for dismissal, remand, or summary decision, or to indicate otherwise what course these proceedings should take.
 
 
 3
 In response to that order, the Commission and intervenor Newhouse moved for summary affirmance. Opposing that motion, appellant requested that we hold this case in abeyance pending a decision in another proceeding pending in this court but not yet assigned for argument, National Citizens Committee for Broadcasting v. FCC, No. 75-1933, Et al., involving cross-ownership of broadcast television stations and cable television stations. Appellant further suggested that, after decision in the broadcast-cable cross-ownership case, this case, Syracuse I, be consolidated with a pending petition to review a subsequent renewal of Newhouse's license, Syracuse II (No. 78-1360), and that Syracuse I be rebriefed.
 
 
 4
 It is our view that this case warrants affirmance without reargument. First, appellant objects to the Commission's summary disposition of its employment discrimination claim and to the use of post-term employment data. Subsequent to the oral argument in this case, this court has had occasion to resolve issues of sufficient similarity to justify affirmance on this matter. In National Organization for Women v. FCC, 181 U.S.App.D.C. 65, 555 F.2d 1002 (1977), we approved the use of post-term employment data to verify the efficacy of a licensee's minority employment plan. In Bilingual Bicultural Coalition v. FCC, 193 U.S.App.D.C. ---, 595 F.2d 621 (1978) (en banc ), and Black Broadcasting Coalition of Richmond v. FCC, 181 U.S.App.D.C. 182, 556 F.2d 59 (1977), we determined that a licensee's term-time minority employment practices must fall outside a "zone of reasonableness" before a hearing on this issue would be required. No objection to the accuracy of the available statistical data was made before the Commission. The data substantiates that the licensee's term-time minority employment practices did not fall outside the zone of reasonableness. Thus, we are of the view that the record support for appellant's claim of employment discrimination was not sufficient to invalidate the Commission's conclusion to reject that claim without further inquiry.
 
 
 5
 Second, the Supreme Court's decision in FCC v. National Citizens Committee for Broadcasting, supra, disposes of appellant's complaint in the instant case with respect to Newhouse's cross-ownership of broadcast stations and newspapers in the Syracuse area. Newhouse's ownership of WSYR-TV in common with its other media interests in Syracuse does not violate the Commission's cross-ownership rules affirmed in NCCB. 51 F.C.C.2d at 344-45. Those rules provide that, absent such a violation, the Commission will examine the concentration of ownership issue in a renewal proceeding only if a sufficient showing is made of specific abuses by a common owner, or of economic monopolization of the sort that would violate the Sherman Act. Second Report and Order, 50 F.C.C.2d 1046, 1080 n. 29, 1088 (1975); See FCC v. National Citizens Committee for Broadcasting, 436 U.S. at 788, n. 12, 98 S.Ct. at 2108. In the instant case, we have no basis for disturbing the Commission's finding that Syracuse Coalition, in its petition to deny, "neither alleged any specific abuses flowing from the common ownership of WSYR-TV and other media nor made any showing of economic monopolization to warrant action under the Sherman Act." 51 F.C.C.2d at 345. Thus, no hearing was required.
 
 
 6
 Neither was a hearing necessary on the issue of Newhouse's cross-ownership of broadcast and cable stations in the Syracuse area. In its order renewing the WSYR-TV license, the Commission noted that its then-applicable cross-ownership rules required the divestiture of Newhouse's cable systems. Id. at 345 n. 6. Those rules subsequently were amended to grandfather existing cross-interests, apparently including those of Newhouse. It is well settled that the Commission may particularize statutory standards through the rulemaking process and thereby withhold a hearing from those who do not meet those standards or fail to demonstrate why they should be waived. See United States v. Storer Broadcasting Co., 351 U.S. 192, 76 S.Ct. 763, 100 L.Ed. 1081 (1956); FPC v. Texaco, Inc., 377 U.S. 33, 84 S.Ct. 1105, 12 L.Ed.2d 112 (1964). In the instant case, Newhouse's common ownership of broadcast and cable stations in Syracuse does not violate the Commission's cross-ownership rules as amended, and appellant has failed to demonstrate why the Commission should waive those rules in this instance. Thus, the Commission did not err in rejecting appellant's complaint without a hearing. Moreover, we believe that justice is best served not by holding this case in abeyance pending the appeal of the Commission's broadcast-cable cross-ownership rules, but rather by resolving and terminating now this case that began more than six years ago when Syracuse Coalition filed its petition to deny renewal of the WSYR-TV license.
 
 
 7
 Our summary dismissal of Syracuse Coalition's appeal turns on the particular facts presented here. We intimate no view regarding the merits of other appeals now pending before this court, including No. 78-1360, where Syracuse Coalition is challenging a subsequent license renewal of WSYRTV, and No. 75-1933, Et al., where the National Citizens Committee for Broadcasting is challenging the validity of the Commission's rules regarding the cross-ownership of broadcast and cable stations.